(962 P.2d 1118)

No. 78,545

LAWANDA B. KING, *Appellant*, v. ESTATE OF ARNETT L. KING, *et al., Appellees*.

Opinion filed July 24, 1998.

*Steven R. Sublett*, of Wichita, for the appellant.

*Paul C. Herr*, of Martin, Churchill, Blair, Hill, Cole and Hollander, Chartered, of Wichita, for the appellees.

Before LEWIS, P.J., PIERRON, J., and JACK L. BURR, District Judge, assigned.

BURR, J.: On February 21, 1994, in contemplation of their impending marriage, Lawanda B. Glidewell and Arnett L. King entered into a prenuptial agreement. The agreement stated that Lawanda and Arnett would each retain as his or her sole property all of the real or personal property owned by each of them at the time of their marriage or that they came into the possession of during the course of their marriage. Paragraph six of the agreement stated:

"Subject to the covenants above stated, the parties, Arnett L. King and Lawanda B. Glidewell, make this *specific exception:* the parties agree that they are jointly purchasing the property located at 2512 North Longfellow, Wichita, KS, . . . each investing Sixty Thousand Dollars ($60,000.00), into the purchase of the subject property. The parties agree that upon the death of one of themselves, the survivor shall have the right to remain in the property for as long as he/she is able to [m]aintain the property as primary residence; he/she shall pay for all taxes, insurance, maintenance and upkeep. At the time the survivor is no longer able to maintain the property, the property shall be sold and the net proceeds shall be divided fifty percent (50%) to the survivor and fifty percent (50%) to the deceased spouse's children; if the property had not been sold at the time of the death of the survivor, then at that time the said property shall be sold and the net proceeds

divided equally, fifty percent (50%) to the children of each of the parties." (Emphasis added.)

On February 24, 1994, Lawanda and Arnett purchased the home contemplated in the prenuptial agreement. They each signed a deed which gave them the property as "joint tenants with the right of survivorship and not as tenants in common." Two days later, on February 26, 1994, Lawanda and Arnett were married. On March 1, 1994, Lawanda and Arnett caused a new deed to be created so that the property would be titled with Lawanda's married name of Lawanda B. King. The new deed also gave the property to them as "joint tenants with the right of survivorship and not as tenants in common." Lawanda and Arnett lived together until Arnett's death on May 17, 1996.

On July 24, 1996, Lawanda filed a petition seeking to quiet title to the real estate she had purchased with Arnett. She argued that the real property was not subject to the prenuptial agreement because the joint tenancy deed gave her legal title to the property at the moment of Arnett's death. Arnett's estate filed a motion for summary judgment on October 25, 1996, alleging there were no disputed issues of material fact and requesting that the court rule as a matter of law that Lawanda was subject to the prenuptial agreement and that she was, therefore, not the fee simple owner of the real estate. In addition, the estate requested that the court impose a constructive trust on the property for the benefit of Arnett's heirs.

On November 25, 1996, Lawanda also filed a motion for summary judgment. The district court held a hearing on January 2, 1997, after which it granted Arnett's estate's motion for summary judgment and denied Lawanda's motion. Lawanda filed a timely notice of appeal.

On appeal, Lawanda argues that she is entitled to fee simple title to the real estate in question, despite her previous agreement with Arnett that she would enjoy the use of the house until her death and then the property would be sold and the proceeds split evenly between their separate estates. Her argument is premised on the theory that the joint tenancy deeds were an amendment to the agreement, and, therefore, they supersede the agreement.

"Because the interpretation and legal effect of written instruments are matters of law, the standard of review of an appellate court is unlimited. As a result, regardless of the construction given a written contract by the trial court, an appellate court may construe a written contract and determine its legal effect." *Sunflower Park Apts. v. Johnson*, 23 Kan. App. 2d 862, Syl. ¶ 1, 937 P.2d 21 (1997).

The district court found that the deeds and the prenuptial agreement were not in conflict and, therefore, the deeds did not supersede the agreement. The district court was clearly correct. Even a cursory reading of the agreement reveals that the parties contemplated the purchase of the specific property at issue. They both contributed equally to the purchase price of the house and purchased it within a few days after they signed the agreement.

The agreement clearly states that the parties intended the purchase of the real estate to be an "exception" to the provisions of the agreement mandating that each party keep what property he or she owned at the time of the marriage or "may hereafter accumulate and acquire, whether real or personal, wheresoever located." Without the language in paragraph six, the language referenced above would have entitled the survivor to absolute possession and ownership of the real estate upon the death of the other party because it would have been considered real property that the survivor acquired during the marriage.

With the addition of paragraph six, however, the parties clearly indicated their desire to have the property distributed evenly to their respective estates upon the death of both parties. It is not ambiguous and does not require construction. Similarly, the deeds are not ambiguous and do not require construction. Without the joint tenancy provision in the deeds, Arnett's heirs would have become one-half owners in the real estate upon his death. See K.S.A. 58-501. Therefore, Arnett's heirs could have demanded that Lawanda sell the house and provide them with one-half of the proceeds, leaving Lawanda without a residence. Clearly, the parties contemplated this, included paragraph six in the prenuptial agreement, and had the house deeded to themselves in joint tenancy. That way, Lawanda would have the power to remain in the house

until her death, after which it would be sold and divided equally between their respective estates, just as the parties intended.

"Contracts are presumed legal and the burden rests on the party challenging the contract to prove it is illegal." *Kansas Gas & Electric Co. v. Will Investments, Inc.*, 261 Kan. 125, 129, 928 P.2d 73 (1996).

We find that the analysis of the trial court was correct and we affirm.

Affirmed.